UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-cr-40065-SLD-1 |
| ) | |
| STEPHEN ONWARKEIL LEONARD, ) | |
| ) | |
| Defendant. ) | |
| ) | |

ORDER

Before the Court are Defendant Leonard's motion for leave to appeal in forma pauperis, ECF No. 48, and his motion to file a financial affidavit under seal, ECF No. 50. For the following reasons, the motion for leave to appeal in forma pauperis is DENIED, and the motion for leave to file affidavit under seal is DENIED.

Leonard, charged with being a felon in possession of a firearm, 18 U.S.C. § 922(g), *see* Indictment, ECF No. 1, was represented by counsel over the course of the proceedings before this Court. *See* Not. Appearance Att'y Gambino, ECF No. 6. He pleaded guilty to that charge on January 12, 2017. Jan. 12, 2017 Minute Entry. Having reserved certain issues for appeal, Not. Reservation, ECF No. 28, he was duly sentenced by the Court, *see* Apr. 19, 2017 Minute Entry, and timely appealed from the judgment on May 2, 2017, Not. Appeal, ECF No. 46. He now moves, through his present counsel, for appointment of counsel on appeal, and permission to proceed with his appeal without paying the $500 filing fee. Mot. Appeal In Forma Pauperis 1–2. He also and separately moves for permission to file under seal a financial affidavit in support of his request for pauper status and appointment of counsel. Mot. Seal 1.

Leonard's motion for appointment of counsel on appeal is easily disposed of. Appointment of appellate counsel is beyond a district court's jurisdiction. S*ee, e.g., Pratt v. Hurley*, 79 F.3d 601, 603 (7th Cir. 1996) (appointing counsel after determining appeal was not taken frivolously); *Shotts v. Evans*, 2010 WL 1610386, at *2 (S.D. Ill. 2010) ("[T]his Court does not have the authority to appoint counsel on appeal as only the Court of Appeals can make such appointments."). Leonard may move for appointment of counsel before the Court of Appeals.

Leonard moves to proceed in forma pauperis—without prepaying fees. *See* 28 U.S.C. § 1915. Parties desiring to appeal a district court's judgment without prepaying appellate fees must file a motion with the district court, including an affidavit that shows the party's inability to pay fees and costs, claims entitlement to redress, and states the issue or issues intended to be presented on appeal. Fed. R. App. P. 24(a). If the district court grants the motion the party may proceed without prepaying fees; if the district court denies the motion, it must state its reasons in writing. *Id.* 24(b).

Leonard seeks to file under seal the financial affidavit he offers in support of pauper status. In support of this request, he cites Local Rule 5.11 ("Privacy"), which permits parties to redact or seek leave to file under seal information that "might bring harm to anyone or should not be made public for law enforcement or security reasons." C.D. Ill. L.R. 5.11(A). Leonard argues that the financial affidavit contains "personal financial information . . . of the type that could cause harm to Mr. Leonard or his family were it made publically available." Mot. Leave File Under Seal 1. Leonard's request to file the affidavit under seal is unpersuasive for two reasons. First, he has not complied with Local Rule 5.10(A)(2), which provides the procedure for moving to file documents under seal. The rule requires parties to state in the form of a motion the legal bases for filing the document under seal, and to contemporaneously and

separately file the document sought to be filed under seal with the docket event "Sealed Document." Leonard did not do so, but instead filed the affidavit as an exhibit to the motion. Second, he has not supported his assertion that the financial details contained in his application to proceed in forma pauperis are such as "might bring harm" to him or anyone else, beyond citing a concern about identity theft and seeking to reverse the burden at issue by arguing that there is "no valid reason to require that his personal financial information be a matter of public record[.]" Mot. Leave File Under Seal 1. Litigants routinely petition this Court, via unsealed motion, for leave to proceed in forma pauperis, and "[t]he Court does not approve of the filing documents under seal as a general matter." C.D. Ill. L.R. 5.10(A)(2). The affidavit Leonard submitted already obscures the names of his minor dependents by use of their initials. The Clerk will therefore be directed to file the affidavit as a separate docket entry.

Turning to the substance of Leonard's motion for leave to appeal in forma pauperis, the Court finds that he has not shown his inability to pay the $500 appellate filing fee. Leonard reports a gross monthly pay for himself of $2,000,[1] and a monthly income for his partner of $1,300. Leonard Aff. 2, Mot. Leave File Under Seal Ex. 1, ECF No. 50-1. He also reports ownership of vehicles valued at $3,500 and $4,500, $4,500 in other assets, and $1,000 in a savings account. *Id.* at 3–4. He reports seven dependents, and total monthly expenses of $1,800. *Id.* at 3–6. Taken as a whole, Leonard's $3,300 gross monthly family income, his assets, and his monthly expenses do not show that he is unable to pay the appellate filing fee. His motion for leave to without prepaying the fee is denied.

Accordingly, Defendant's motion for leave to proceed in forma pauperis and for appointment of counsel, ECF No. 48, is DENIED, as is his motion for leave to file his affidavit

---

[1] Defendant is still earning income at present as he is on pre-trial release pending his self-report date to the Bureau of Prisons at the end of this month.

under seal, ECF No. 50.  The Clerk is directed to file as a new docket entry the affidavit attached to the motion for leave to file under seal.

Entered this 12th day of May, 2017.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
